**David W. HASSIG, Donald L. Hassig, Plaintiffs–Appellants,**

v.

**NYS DEPARTMENT OF ENVIRONMENTAL CONSERVATION, John Cahill, individually and as Commissioner of the New York State Department of Environmental Conservation, Larry Johnson, Picotte Companies, Thomas P. McCarville, Defendants–Appellees,**

**John DOE 1, Defendant.**

**No. 04–1773.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2005.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, Judge).

David W. Hassig (Donald L. Hassig, on the brief), for Appellants, pro se.

Evelyn M. Tenenbaum, Assistant Solicitor General (Daniel Smirlock, Deputy So-

licitor General, and Eliot Spitzer, Attorney General, on the brief), Office of the Attorney General, Albany, NY, for Defendants–Appellees NYS Department of Environmental Conservation, John Cahill, and Larry Johnson.

Mark W. Blanchfield, Hiscock & Barclay, Albany, NY, for Defendants–Appellees Picotte Companies and Thomas P. McCarville.

PRESENT: NEWMAN, KEARSE and CABRANES, Circuit Judges.

## SUMMARY ORDER

On February 26, 2001, plaintiffs David W. Hassig and Donald L. Hassig, acting *pro se*, filed a complaint in the District Court, asserting claims under 42 U.S.C. § 1983 and New York law against New York State Department of Environmental Conservation ("NYSDEC"), NYSDEC personnel, and owners and employees of owners of a private building at 50 Wolf Road, Albany, New York, where NYSDEC had maintained its central administrative offices. The complaint principally alleged that plaintiffs were "prevented from conducting Free Speech activism" in the lobby of 50 Wolf Road. In a Decision and Order dated March 4, 2004, the District Court granted summary judgment to defendants, dismissed plaintiffs' § 1983 claims with prejudice, and declined to take supplemental jurisdiction over plaintiffs' state law claims. *Hassig v. Cahill*, 01–CV–0284, slip op. (N.D.N.Y. Mar. 4, 2004). Plaintiffs now appeal this determination.

Substantially for the reasons stated in the District Court's Decision and Order of March 4, 2004, we affirm.

Plaintiffs argue that the District Court improperly relied on disputed facts in granting summary judgment. In particular, they object to the District Court's statement that in 1999 "Frederick Stan-

nard, an investigator with the NYSDEC, confronted Mr. Hassig [and] advised that he was causing a disturbance in the building." *Hassig*, slip op. at 10. Local Rule 7.1(a)(3) of the Northern District of New York provides that "[a]ny facts set forth in the [moving party's] Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party." Defendants set forth the above description of the 1999 incident in their Statement of Material facts submitted pursuant to Rule 7.1(a)(3), and that description was not controverted by plaintiffs in accordance with the Rule. Accordingly, the District Court properly treated defendants' description as admitted.

Plaintiffs also assert that the District Court's opinion reveals its "bias" against them. To the extent that plaintiffs' conclusory allegations can be characterized as claims under the judicial recusal statute, 28 U.S.C. § 455, they face a high hurdle, because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). In any event, we find no evidence of bias on the part of Judge McAvoy in the record of this case.

We have considered all of plaintiffs' arguments and find them without merit. The judgment of the District Court is hereby AFFIRMED.